**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIGRAN ISKENYAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security[1]<br><br>　　　　　Defendant. | No. 1:19-cv-1260 JLT BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL AND DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT, KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, AND AGAINST PLAINTIFF TIGRAN ISKENYAN<br><br>(Docs. 20, 29, 33) |

Tigran Iskenyan seeks judicial review of the administrative decision denying his applications for benefits arising under Titles II and XVI of the Social Security Act. Plaintiff requests the decision of the administrative law judge be vacated and the matter be remanded for further administrative proceedings. (Doc. 20.) The Commissioner contends the decision of the ALJ should be affirmed. (Doc. 29.)

The magistrate judge found the decision of the ALJ was supported by substantial evidence in the record and based upon the proper legal standards. (Doc. 33.) Thus, the magistrate judge recommended Plaintiff's appeal be denied; the Commissioner's request to affirm be granted; and the Clerk of the Court be directed to enter judgment in favor of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against plaintiff Tigran Iskenyan. (*Id.* at 14.)

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

1

Plaintiff filed timely objections to the Findings and Recommendations, asserting the magistrate judge erred in finding the ALJ properly evaluated the medical opinion of Dr. Stoltz, and maintains the ALJ failed to properly account for Plaintiff's need for hourly breaks. (Doc. 34 at 2-3.) Plaintiff also contends the magistrate judge erred in "finding that the ALJ properly evaluated Plaintiff's subjective complaints." (*Id.* at 3, emphasis omitted.) Therefore, Plaintiff contends the Court should reject the recommendations of the magistrate judge. (*Id.* at 4.)

Dr. Stoltz performed a consultative examination on Plaintiff, after which Dr. Stoltz opined Plaintiff "does not have any limits with sitting, standing or walking except that he should be allowed a rest break every one hour." (Doc. 14-2 at 270.) The ALJ rejected the opinion that Plaintiff required hourly rest breaks, finding the opinion was "not sufficiently particular regarding the amount of time the claimant should rest every one hour;" was "not consistent with his objective findings and with his opinion that the claimant does not have any limits with sitting, standing or walking;" relied upon the subjective reports of Plaintiff; and "the totality of the evidence does not support his opinion." (*Id.* at 317-318.) As the magistrate judge found, with considering these factors, the ALJ carried the burden to identify specific and legitimate reasons[2] for rejecting the limitation identified by Dr. Stoltz. *See, e.g., Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2003) (ALJ may reject an opinion when it is "unsupported by the record as a whole"); *Tommasetti v. Astrue*, 533 F.3d at 1035, 1041 (9th Cir. 2008) (an ALJ may reject an opinion based upon "a claimant's self-reports that have been properly discounted as not credible"); *Khounesavatdy v. Astrue*, 549 F.Supp.2d 1281, 1229 (E.D. Cal. 2008) ("it is appropriate for an ALJ to consider ... the inconsistency of conclusions with the physician's own findings, in rejecting a physician's opinion").

---

[2] The opinion of a treating physician may be rejected whether it is contradicted by another. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). An ALJ may reject the contradicted opinion of a physician with "specific and legitimate" reasons, supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *see also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). Because the opinion of Dr. Stolz was contradicted by the opinions of Drs. Georgis, Williams, and Liger—who did not identify a need for hourly rest breaks—the ALJ was required to identify specific and legitimate reasons to reject the limitation. When there is conflicting medical evidence, "it is the ALJ's role to determine credibility and to resolve the conflict." *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The ALJ's resolution of the conflict must be upheld by the Court when there is "more than one rational interpretation of the evidence." *Id.*; *see also Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ").

1    The ALJ's rejection of the hourly rest break limitation was also supported by substantial evidence in the record.  Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). Dr. Georgis performed an orthopedic examination and did not identify a rest break limitation following testing that included Plaintiff's grip strength, range of motion, muscle strength, and physical examination.  (Doc. 14-2 at 669-673.)  Because the opinion of Dr. Georgis "rests on his own independent examination," this constitutes substantial evidence in support of the ALJ's decision to reject the hourly rest break limitation. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  The opinions of Drs. Williams and Liger—who reviewed the medical record and did not identify an hourly rest break limitation when evaluating Plaintiff's physical residual functional capacity (Doc. 14-2 at 61-62, 79-80)—are consistent with the opinion of Dr. Georgis. Therefore, the opinions of Drs. Williams and Liger also constitute substantial evidence.  *See Tonapetyan,* 242 F.3d at 1149 (the opinions of non-examining physicians "may constitute substantial evidence when … consistent with other independent evidence in the record").

Finally, the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms."  (Doc. 14-2 at 312.)  However, the ALJ found also found the "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record…." (*Id.*) Because there was no evidence of malingering identified, the ALJ must identify clear and convincing reasons for rejecting Plaintiff's subjective complaints. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). In performing this step of the analysis, The ALJ noted that Plaintiff testified he saw medical providers "every two weeks," but the record did not support this testimony.  (*Id.* at 315.)  In addition, the ALJ stated:

> [T]he claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because he received only sporadic treatment, and his objective examinations, including nerve conductions studies, an electromyogram and radiographic evidence do not support the severity of the claimant's subjective complaints as discussed in detail above. Furthermore, the claimant was able to provide IHHS to his daughter, preventing her from wandering to the neighbor and around the

>neighborhood. He was able to perform household chores and drive. Furthermore, there is no evidence in the record that the claimant was unable to use his hands or had any symptoms related to the finding of subchondral cysts in his bilateral hands, and small radioulnar joint effusion. The claimant did not undergo any treatment or physical therapy for his hands, although he did appear wearing new wrist braces when he saw consultative examiner, Dr. Stoltz, and his grip strength was "slightly decreased symmetrically based on someone of his age and stature." (Exhibit 3F, p. 3). The claimant did not complain of any limitations in the use of his hands, and his handgrip was within normal limits when he underwent an orthopedic consultation with Dr. Georgis (Exhibit 14F, p. 2), and his nerve conduction studies did not show any neurological abnormalities (Exhibit 2F, pp. 8-10, 20- 22) . . .

(Doc. 14-2 at 317.)  Thus, the ALJ considered that Plaintiff's testimony regarding frequency of treatment was inconsistent with the record, inconsistency with objective findings in the medical records, his ability to perform household chores and care for his daughter despite testimony that he did not do chores and had debilitating pain, gaps in treatment, and failure to seek treatment for his hands and wrists.  (*See id.* at 311-312, 315-317.)  The Ninth Circuit determined these are "clear and convincing" reasons for rejecting a claimant's subjective statements.  *See, e.g., Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("failure to seek treatment … can cast doubt on the sincerity of the claimant's pain testimony"); *Stubbs-Danielson v. Astrue,* 539 F.3d 1169, 1175 (9th Cir. 2008) ("Even where ... activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may consider whether the plaintiff made inconsistent statements concerning treatment); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (inconsistencies with medical evidence supports a rejection of a claimant's credibility); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[a]lthough lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider").  Given these considerations, the ALJ carried the burden to make "a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit [the] claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court conducted a de novo review of the case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court finds the

Findings and Recommendations are supported by the record and proper analysis. Because ALJ applied the proper legal standards, and the decision was supported by substantial evidence in the record, the administrative decision is affirmed. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987); *see also Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ"). Accordingly, the Court **ORDERS**:

1. The Findings and recommendations issued on February 24, 2022 (Doc. 33) are **ADOPTED** in full.
2. Plaintiff's appeal from the administrative decision of the Commissioner of Social Security (Doc. 20) is **DENIED**.
3. The Commissioner's request that the administrative decision be affirmed (Doc. 29) is **GRANTED**.
4. The Clerk of the Court is directed to terminate any pending motions and deadlines, and enter judgment in favor of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against plaintiff Tigran Iskenyan.

IT IS SO ORDERED.

Dated: __**March 31, 2023**__

UNITED STATES DISTRICT JUDGE